■ In the Matter of ENID ROY, Respondent, v CITY OF NEW YORK DEPARTMENT OF HEALTH, Appellant. [609 NYS2d 182] — Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about November 30, 1992, which granted the petitioner's CPLR article 78 petition and directed the respondent to hold a hearing on petitioner's termination, unanimously reversed, on the law, without costs, and the petition is dismissed.

Petitioner was employed as a part-time provisional Staff Analyst by the respondent City of New York Department of Health (DOH) from October 2, 1980 until her termination on December 30, 1988, allegedly for untimely submission of work reports and unauthorized acts. Ordinarily, provisional employees have no expectation of tenure and may be terminated without charges preferred, a statement of reasons or a hearing (*Matter of Preddice v Callanan,* 69 NY2d 812). However, a collective bargaining agreement resulted in the issuance by DOH of Personnel Bulletin No. 172 which, as amended, granted certain provisional per diem, part-time and per hour employees contractual disciplinary rights effective September 15, 1988. As here pertinent, the bulletin only applied to employees who for at least two continuous years had "worked the same number of hours in the normal work week as those required by the same full-time per annum title (but no fewer than 35 hours per week)."

One of the terms and conditions of petitioner's part-time employment was that she was not to work more than 30 hours per week. Nevertheless, petitioner contended that during the years 1987 and 1988 she did in fact work over 35 hours per week in order to complete the work assigned to her, even though she was not paid for working the extra hours. A Special Referee assigned by the IAS Court found after a hearing that "[t]he evidence clearly shows that it was neces-

sary for the petitioner to stay those hours, with or without authorization, to get her work done with integrity, and also to get the work done to satisfy the standards to which she was held by [her supervisor]." The Special Referee found that petitioner was not authorized to work more than 30 hours per week during the aforesaid period.

DOH did not oppose confirmation of the Special Referee's report, but rather argued that to meet the conditions of Personnel Bulletin No. 172, an employee claiming to have worked no fewer than 35 hours per week must have been authorized and compensated for the hours actually worked. It was urged that this construction was necessary in order to prevent an employee from unilaterally affecting her or his employment status and entitlement to benefits. The IAS Court disagreed, finding no such requirement in the bulletin, and directed DOH to hold a disciplinary hearing with respect to petitioner's termination.

We reverse and dismiss the petition. It is clear that the intendment of Personnel Bulletin No. 172 was that the additional contractual disciplinary rights were available only to provisional part-time employees who worked at least 35 hours per week with authorization. Thus the petitioner could not unilaterally change the status of her employment, or more particularly obtain entitlement to additional contractual rights, by working additional hours contrary to the terms of her employment. If petitioner's construction of the Personnel Bulletin were sustained, then she would be entitled to greater rights than any other provisional part-time employee in similar circumstances who, through better productivity and efficiency, had been able to complete her or his work assignments by working 30 hours per week. Thus viewed, the untenability of petitioner's position is clear. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.